McCay, Judge.
Both these witnesses, though they go into detail as to the settlement, and speak very decidedly in their narration of facts, yet at last say they were, neither of them, present at the *settlement, and know nothing about it except as they learned it from “family conversations.” One of the witnesses states specifically that he does not know the plaintiff was present at these conversations, but he must have been. We do not think these “family” conversations, as testified to, are anything but hearsay. They were incompetent testimony. At best, testimony of this sort, to-wit: statements made in the hearing of one, which he does not contradict, are only evidence against him, in certain cireumstances. They must be of a character that calls for a reply. It does not here even appear that there was any reply, nor are any of the surroundings given so'as to enable us to judge whether a reply was called for. These conversations have no weight at all, as conversations, to give them any weight. They must be proven to have occurred under such circumstances as to give them the character of admissions by the plaintiff.
We think the facts stated by the witnesses utterly fail to show such circumstances. They do not show the plaintiff present, nor do they show the circumstances under which the conversations were had, and it is impossible to come to a conclusion that they are of the nature of admissions by the plaintiff. Above all, it does not appear that he did not deny them or make entirely different statements. Proof of his presence, and proof that the conversations were had, under such circumstances as make the inference a fair one, that the plaintiff, by failing to contradict or modify them, admitted them, is indispensable. Until this be done, such conversations are but hearsay, and the Court should not let them go to the jury.
Judgment reversed.